IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK PRICE, | No.: 2:21-cv-1599 |
| Plaintiff, | |
| vs. | |
| HYATT HOTELS CORPORATION, HYATT CORPORATION D/B/A HYATT REGENCY PITTSBURGH INTERNATIONAL AIRPORT, and DOES 1-20, | |
| Defendants. | |

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Patrick Price, and through his undersigned counsel files this Complaint against Defendant Hyatt Hotels Corporation, Defendant Hyatt Corporation d/b/a Hyatt Regency Pittsburgh International Airport, and DOES 1-20 for negligence, violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and negligence per se.

### Nature of Action

1. This is a proceeding arising from Defendants' negligent failure to properly install, monitor and/or maintain "grab bars" it installed or caused to be installed in ADA-compliant rooms at the Hyatt Regency Pittsburgh International Airport, resulting in injuries to Plaintiff and in violation of the ADA, standard construction codes and standards, and common law.

2. "Grab bars" are installed in shower stalls to provide less abled or disabled individuals the opportunity to bathe safely and are mandated in hotels and other public access settings by the ADA. As alleged in greater detail herein, Defendants failed to properly install, monitor and/or maintain the grab bars in guest rooms at the Hyatt Regency Pittsburgh International Airport, leading to failure of a grab

1

bar in Plaintiff's room when he attempted to hoist himself out of the bathtub, resulting in the injuries alleged herein. Plaintiff seeks compensatory damages, injunctive relief, and attorneys' fees and costs.

## Jurisdiction and Venue

3. This case presents questions of Federal Law such that jurisdiction is proper in this forum pursuant to 28 U.S.C. § 1331.

4. Venue lies in this judicial district because the actions complained of herein occurred within the Western District of Pennsylvania.

## Parties

5. Plaintiff Patrick Price is an adult individual who resides in Folsom, California.

6. Defendant Hyatt Hotels Corporation is a Delaware corporation with its principal place of business at 150 North Riverside Plaza, 8th Floor, Chicago, Illinois 60606.

7. Hyatt Corporation is a subsidiary of the Hyatt Hotels Corporation and d/b/a Hyatt Regency Pittsburgh International Airport. Hyatt Corporation is a Delaware corporation d/b/a Hyatt Regency Pittsburgh International Airport, which is located at 1111 Airport Boulevard, Pittsburgh, PA 15231.

8. The true names, identities and capacities of Defendants DOES 1-10, inclusive, and each DOE in between, whether individual, associate, corporate or otherwise are general contractors responsible for the design, installation, and/or maintenance of the defectively installed and/or inadequately maintained grab bars that are the subject of this Complaint. The identities of Defendants DOES 1-10 are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of such fictitiously designated Defendants are ascertained, Plaintiff will seek leave of the Court to amend this Complaint to insert said true names, identities, and capacities, together with the proper charging allegations. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a DOE is responsible in some actionable manner for the events and happenings

herein alleged and thereby directly and legally responsible for causing the injuries and damages to the Plaintiff, as hereinafter set forth.

9. The true names, identities and capacities of Defendants DOES 10-20, inclusive, and each DOE in between, whether individual, associate, corporate or otherwise are subcontractors responsible for the design, installation and/or maintenance of the defectively installed and/or inadequately maintained grab bars that are the subject of this Complaint. The identities of Defendants DOES 10-20 are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of such fictitiously designated Defendants are ascertained, Plaintiff will seek leave of the Court to amend this Complaint to insert said true names, identities, and capacities, together with the proper charging allegations. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a DOE is responsible in some actionable manner for the events and happenings herein alleged and thereby directly and legally responsible for causing the injuries and damages to the Plaintiff, as hereinafter set forth.

10. Defendants Hyatt Hotels Corporation and Hyatt Corporation are collectively referred to herein as the "Hyatt Defendants." The Hyatt Defendants and DOES 1-20 are collectively referred to herein as "Defendants".

11. At all times mentioned herein, Defendants, acting directly or by and through affiliates, subsidiaries, contractors, subcontractors, agents, servants, partners, and/or employees are responsible and liable for their acts, omissions, supervision, implementation, and conduct of all manners.

12. At all times herein mentioned, Defendants and each of them, was negligent in the selection and hiring of each and every other Defendant, their affiliates, subsidiaries, contractors, subcontractors, agents, servants, partners, and/or employees and, furthermore, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by the same.

13. Each Defendant is jointly and severally liable for the acts and omissions of the other Defendants to the greatest extent permitted by law.

**Statement of Claims**

14. The facts relevant to this cause of action stated herein were known, or in the exercise of due diligence should have been known, to Defendants prior to and at the time of Plaintiff's injury.

15. At all times relevant, the Hyatt Defendants operated Hyatt Regency Pittsburgh International Airport ("Airport Hyatt") as a business and hotel subject to the ADA and the laws of the Commonwealth of Pennsylvania.

16. Defendants had an obligation to ensure that the Airport Hyatt premises are and were safe for its guests, and safe and accessible for disabled guests, including Plaintiff.

17. Part of Defendants' obligations to ensure guest safety is to properly install and maintain "grab bars" in the bathrooms of rooms they hold out as accessible or "ADA-compliant." A standard grab bar should be installed to support a person weighing up to at least 250 pounds pursuant to the ADA and all other applicable standards. Some grab bars are designed and installed to bear up to 500 pounds for safety.

18. Despite their statutory and common law duties, Defendants failed to properly install, monitor, test, and/or maintain the grab bars in its purportedly ADA-compliant, accessible rooms, including the room Plaintiff was provided upon check in.

19. No other actions have been commenced regarding the injuries Plaintiff sustained.

20. Plaintiff is 49-year-old man who suffers from paraplegia and is confined to a wheelchair. At all times relevant, Plaintiff weighed approximately 185 pounds.

21. On November 7, 2019, after visiting family in the Pittsburgh area, Plaintiff checked into the Airport Hyatt and was provided an accessible room. Plaintiff planned to stay overnight at the Airport Hyatt before catching an early morning flight back to California the following day.

22. After finishing his bath, Plaintiff reached for the grab bar installed in his bathroom to hoist himself out of the bathtub. Instead of allowing Plaintiff the opportunity to safely exit the bathtub, however, the grab bar failed and disconnected from the wall, sending Plaintiff crashing to the ground.

23.     Plaintiff suffered severe contusions, injuries to his neck, shoulder and elbow, lacerations to his knees, neck pain, numbness, humiliation, and emotional distress as result of the fall, all of which was caused by Defendants' negligent and unlawful conduct.

24.     Plaintiff contacted the hotel front desk for help.  Instead of providing support, however, the Airport Hyatt called hotel security and/or the police to interrogate Plaintiff before seeking the medical care he required.  Plaintiff was further humiliated by this treatment and suffered ongoing pain and emotional distress by the delay of medical care.

25.     Plaintiff was then transported via ambulance to Heritage Valley Sewickley Hospital, where he was treated for his injuries.

## COUNT I

### Negligence

26.     Plaintiff hereby incorporates and realleges each and every preceding and subsequent paragraph of this Complaint as if the same were set forth herein.

27.     Defendants had a duty to ensure the premises at the Airport Hyatt were safe and operable, including the grab bars installed in rooms for disabled guests.  These duties included making sure that the grab bars in its rooms were properly installed, could bear a minimum weight of 250 pounds, and would not collapse when used as intended.

28.     Defendants knew or should have known that disabled adult guests may use the grab bars to get in and out of the bathtub, and Defendants knew or should have known the grab bars in their accessible rooms were not secure and were dangerous.  Defendants knew or should have known that the grab bars installed in the restrooms and/or washrooms of its public accommodations—including the grab bar installed in the shower stall in Plaintiff's hotel room—were inadequately installed and insufficiently secured.  Defendants knew or should have known that the grab bars in the Airport Hyatt accessible rooms were not properly installed, not properly maintained and/or unable to bear the weight of an adult guest with a disability to safely exit the bathtub.

29. Defendants also had a duty to comply with the ADA and to meet the standard of care and competency set forth in the Uniform Construction Code and the Building Officials & Code Administrators ("BOCA") International Code governing the installation of fixtures, as adopted by the State of Pennsylvania. They did not. Had Defendants complied with these obligations, the grab bar would not have failed and Plaintiff would not have been injured.

30. The actions and inactions described above caused Plaintiff's injuries and would not have happened but for the negligence of Defendants.

31. Defendants are jointly and severally liable for Plaintiff's injuries to the extent allowable by law. As a result of Defendants' negligent conduct, Plaintiff sustained and seeks compensation for the following damages:

   a. Pain, suffering, fear, anxiety, and humiliation related to his injuries;
   b. Hospital, ambulance, and medical bills incurred; and
   c. Other losses and damages permitted by law.

WHEREFORE, Plaintiff demands compensatory damages for bodily injuries, pain and suffering, emotional distress, and out of pocket expenses in amount to be determined at trial, as well as injunctive relief, interest, cost of suit, and all other remedies permitted by law.

## COUNT II

### Violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

32. Plaintiff hereby incorporates and realleges each and every preceding and subsequent paragraph of this Complaint as if the same were set forth herein.

33. Title III of the ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Hotels are explicitly encompassed by the statute. 42 U.S.C. § 12181(7)(A).

34. Plaintiff is a disabled individual pursuant to the ADA, in that he has "a physical … impairment that substantially limits one or more [of his] major life activities," "includ[ing,] but [] not limited to, caring for oneself, performing manual tasks, … walking, standing, lifting, bending, … working [and] major bodily function[s]." 42 U.S.C. § 12102(1)-(2).

35. Defendants are subject to the ADA's requirements insofar as they own, lease, operate, manage, maintain, and/or are otherwise responsible for ADA-compliance of a public accommodation, including "an inn, hotel, motel, or other place of lodging." 42 U.S.C. §§ 12181(7)(A), 12182(a).

36. Defendants knew, or should have known, that the grab bars installed in the restrooms and/or washrooms of its public accommodations—including the grab bar installed in the shower stall in Plaintiff's hotel room—were inadequately installed, insufficiently secured, and not otherwise ADA-compliant. *See* ADA Accessibility Guidelines ("ADAAG") §§ 201-202, 608-609; *see also, e.g.,* 28 C.F.R. § 36.304.

37. Defendants discriminated against Plaintiff within the meaning of the ADA on the basis of his disability. 42 U.S.C. § 12182. To wit, Defendants discriminated by denying Plaintiff the opportunity to benefit from Defendants' goods, services, facilities, and accommodations in a safe manner, free from the risk of injury. *Id.*, subsec. (b)(1)(A)(i).

38. Further, Defendants discriminated by affording Plaintiff its goods, services, facilities, and accommodations in an unequal manner, in that those goods, services, facilities, and accommodations provided to Plaintiff were less safe than the goods, services, facilities, and accommodations that Defendants offered to individuals without a disability. 42 U.S.C. § 12182(b)(1)(A)(ii).

39. Finally, Defendants discriminated by providing to Plaintiff, on the basis of his disability, goods, services, facilities, and accommodations that were different from those provided to other individuals, in that Defendants did not provide Plaintiff with a safe method for bathing. 42 U.S.C. § 12182(b)(1)(A)(iii).

40. As a result of this discrimination, Plaintiff suffered and continues to suffer injuries. Among his physical, psychological, and emotional injuries, Plaintiff has been deterred from making use of Defendants' goods, services, facilities, and accommodations.

41. Plaintiff continues to experience adverse effects as a result of Defendants' violations of the ADA, as he has been, is currently, and will be deterred from making use of Defendants' facilities. Specifically, because his brother lives in Pennsylvania and Plaintiff intends to continue visiting his brother, he will again find himself seeking accommodations near the airport but cannot use those accommodations provided by Defendants in their current state.

42. So long as Defendants' discriminatory conditions continue and remain, and until Plaintiff is confident that Defendants' facilities are ADA-compliant and safe for use, he remains deterred from utilizing Defendants' accommodations and continues to suffer injury.

WHEREFORE, and in addition to the other remedies sought herein, Plaintiff seeks permanent injunctive relief requiring that Defendants check, confirm, and maintain ADA-compliance in their public accommodations, including their hotel rooms, as well as all reasonable attorneys' fees and costs of this action, for Defendants' violation of the ADA.

## COUNT III

### Negligence Per Se

43. Plaintiff hereby incorporates and realleges each and every preceding and subsequent paragraph of this Complaint as if the same were set forth herein.

44. As is clear from the face of the ADA, the purpose of this statute is to protect "a person's right to fully participate in all aspects of society[, despite] physical or mental disabilities," against "discrimination … in such critical areas as … housing, [and] public accommodations." 42 U.S.C. § 12101(a). The ADA is therefore explicitly intended to protect the interests of individuals, like Plaintiff, who otherwise would be prevented safe access to, *e.g.,* hotels and their facilities.

45. Specifically, the ADA establishes the minimum guidelines for constructing and maintaining a safe and accessible bathing facility within a public accommodation, in order that individuals (like Plaintiff) can bathe or shower without suffering injuries (like Plaintiff's). *See* ADAAG §§ 201-202, 608-609; see also, e.g., 28 C.F.R. § 36.304.

46. As a hotel in the business of providing accommodations—and as contractors/builders employed in the construction, upgrading, and maintenance of such a hotel—the ADA applies to the conduct of Defendants. 42 U.S.C. § 12181(7)(A).

47. Defendants, each of them, failed to conform to, and violated, the ADA and its associated guidelines by holding out its facilities—including but not limited to the hotel room rented to Plaintiff—as compliant with the ADA's guidelines, and otherwise safe for use by Plaintiff, when in fact Defendants knew or should have known that the hotel room was neither ADA-compliant nor safe.

48. Further, Defendants had a duty to comply with the Uniform Construction Code and BOCA International Code governing the installation of fixtures, as adopted by the Commonwealth of Pennsylvania. Defendants failed to meet these standards by improperly installing, testing, and/or maintaining the grab bars at issue here.

49. Defendants' violations of law proximately caused the injuries to Plaintiff alleged herein. But for these violations, Plaintiff would not have sustained his injuries. Defendants were negligent per se and are jointly and severally liable to the extent allowable by law.

WHEREFORE, Plaintiff demands compensatory damages for bodily injuries, pain and suffering, emotional distress, and out of pocket expenses in amount to be determined at trial, as well as injunctive relief, interest, cost of suit, and all other remedies permitted by law.

**A JURY TRIAL IS DEMANDED.**

///

///

DATED: November 5, 2021					Respectfully submitted,

> By: /s/Elizabeth A. Chiappetta
> ELIZABETH A. CHIAPPETTA (SBN 205736)
> ROBERT PEIRCE & ASSOCIATES, P.C.
> 707 Grant Street, Suite 125
> Pittsburgh, PA 15219
> Telephone: (412) 281-7229/(800) 543-9859
> Facsimile: (412) 281-4229
> Email: echiappetta@peircelaw.com
>
> JENNIE LEE ANDERSON
> (*Pro Hac Vice Application Forthcoming*)
> ANDRUS ANDERSON LLP
> 155 Montgomery Street, Suite 900
> San Francisco, CA 94104
> Telephone:	(415) 986-1400
> Facsimile:	(415) 986-1474
> Email: jennie@andrusanderson.com
>
> *Attorneys for Plaintiff*